Fuchsberg, J.
(dissenting). I dissent on the opinion of Mr. Justice Fred Munder at the Appellate Division (48 AD2d 428, 434), adding that, since the matter of gasoline station franchises with oil distribution companies is an area of industrial conflict not only in New York but also regionally and, indeed, nationally, the statutes of our sister States (see Shell Oil Co. v Marinello, 63 NJ 402) and the Federal case law set forth in Mr. Justice Munder’s opinion are relevant sources of public policy already articulated at the time the case before us arose (see 21 CJS, Courts, § 204, p 356; 1 Carmody-Wait 2d, NY Prac, § 2.72, pp 86-88).
The recent passage of New York’s General Business Law (art 11B) does not negate the applicability of that public policy here. As a reading of article 11B will indicate, it was designed to provide an expanded system of regulation covering many aspects of the franchisor-franchisee relationship and not merely to inhibit antitrust practices. In my view, article 11B does not in any way evince a legislative intent to replace or to nullify the long-standing premise that "a matter of private contract law, such as a lease, must give way when it is an instrument used to violate the [State or] Federal antitrust policy” (48 AD2d, at p 437, relying on Lessig v Tidewater Oil Co., 327 F2d 459, 464; see, also, Simpson v Union Oil Co., 377 US 13).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
*938 Order affirmed, with costs, in a memorandum.